UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

LUZ M. GONZALEZ-NIEVES,

    Plaintiff,

v.

MUNICIPALITY OF AGUADILLA, et al.,

    Defendants.

Civil No. 3:13-cv-01132 (JAF)

## **O R D E R**

This matter is before the court on Plaintiff Luz M. Gonzalez-Nieves' Petition for Attorney's Fees and Litigation Expenses. (ECF No. 170). Defendants opposed the petition stating that the request is excessive, generic, and unsubstantiated. (ECF No. 179). Plaintiff then replied in support of her request. (ECF No. 182). Having reviewed the parties' briefs, accompanying documentation, and the relevant case law, the court GRANTS Plaintiff's petition as set forth below.

Before we get to the merits of Plaintiff's request, however, the court is compelled to highlight the enormous task that counsel created by virtue of the manner in which entries were presented for review. Though Plaintiff provided the court with the billing sheets for all five attorneys and one paralegal, she did not provide a compilation of the entries that would ease the court's burden to review those entries for reasonableness. Defendants' general sweeping objection and failure to cite any specific objections likewise did not help the court to review the billing sheets for reasonableness. The parties essentially threw the documents at the court and left us to sort through over four years of records comprised of six different persons' entries to not only review for sufficient descriptions, excessive billing, unnecessary

work, and overlapping or duplicative entries. In order to determine whether Plaintiff's request was reasonable, the parties forced the court to spend countless hours comparing entries across no fewer than five billing sheets. In the future, the parties should take more care in ensuring that they provide the court with not just the factual support, but also a better means by which to view those facts in a user-friendly format. For example, here, in order to effectively review each and every entry, the court had to create a spreadsheet whereby it could compare the entries for duplicity, determine sufficiency of the descriptions, and make a final determination as to whether the attorneys had met their burden. Given that there were five attorneys and one paralegal working on this matter, we believe that Plaintiff could have, and should have, included a user-friendly format for the court to review her attorneys' entries for reasonableness.

## Introduction

Plaintiff Luz M. González-Nieves ("González) brought this action against her employer alleging discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, *et seq.*, and state law claims for violations of 1 L.P.R.A §501 *et seq.* (the Commonwealth of Puerto Rico's Prohibition of Discrimination Against Impaired Persons Act) and 29 L.P.R.A. §194a. The matter proceeded to trial in March 2015. On March 20, 2015, a jury returned a verdict in favor of Plaintiff on all claims, and awarded $3,000,000 in compensatory damages, which was then doubled under Puerto Rico law. The court remitted the amounts to $600,000, and Plaintiff accepted the remitted award. We entered judgment on July 21, 2015. Defendants did not appeal the Amended Judgment. Plaintiff now moves pursuant to 42 U.S.C. § 1988 and 42 U.S.C. §12205 for her attorneys' fees in the amount of $169,072 and costs in the amount of $11,619.69.

**Law and Analysis**

Under the ADA, a court, "in its discretion, may allow the prevailing party ... a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205. There is no dispute that Plaintiff is the prevailing party and entitled to attorneys' fees and costs. There is no dispute over the reasonableness of the hourly rate charged. "Fees are presumptively reasonable where the requesting party has multiplied a reasonable hourly rate by the number of hours reasonably spent on litigation." *See Gay Officers Action League v. Puerto Rico*, 247 F.3d 288, 293 (1st Cir. 2001) (*citing Hensley v Eckerhart*, 461 U.S. 424, 433 (1983)).

To determine reasonable attorneys' fees, we begin by calculating the lodestar, the number of hours reasonably worked multiplied by fair hourly rates. *See Hutchinson ex rel. Julien v. Patrick*, 636 F.3d 1, 13 (1st Cir. 2011). The court should "calculate the time counsel spent on the case, subtract duplicative, unproductive, or excessive hours, and ... apply prevailing rates in the community (taking into account the qualifications, experience, and specialized competence of the attorneys involved)." *Id*. (internal brackets omitted) (citation omitted). The lodestar figure can then be adjusted based on the individual factors of the particular case, such as "the results obtained and the time and labor actually required for the efficacious handling of the matter." *Torres-Rivera v. O'Neill-Cancel*, 524 F.3d 331, 336 (1st Cir. 2008) (*citing Hensley*, 461 U.S. at 430 n.3, 434 n.9).

Here, Plaintiff submitted documentation, including receipts, billing records, and declarations from the attorneys working on this matter indicating each of their level of experience, skill, and reputation. Plaintiff seeks fees of $100 per hour for the work performed by Attorney Juan Nieves-González ("Nieves-González" or "JNG") upon his

admittance to the bar for the United States District Court for the District of Puerto Rico, and $65 per hour for his work performed prior to his admission to the bar of this court. We find that $65.00 per hour for Attorney Nieves-González's work prior to his admission as an attorney in the U.S. District Court for the District of Puerto Rico is reasonable. *See Fortés-Cortés v. DOE*, 12-1900 (GAG), ECF No. 135 at 1. Additionally, Attorney Nieves-González's fee request for $100 per hour is the same hourly rate previously requested by him and determined reasonable by this court. *See Colón-Vázquez v. DOE*, 14-1644 (JAF), ECF Nos. 134 and 153. The court finds reasonable the hourly rates charged by Attorney Juan Nieves-González of $100 per hour for the work performed upon his admittance to the bar of this court and $65 per hour for his work performed prior to his admission to the bar.

Plaintiff requests fees for the work performed by Attorney Juan Rafael González-Muñoz ("González-Muñoz" or "JRGM") at the rates of $280 per hour for his appearances in court (38.3 hours) and $250 per hour for all out-of-court work (357 hours). Upon review of the accompanying declaration (ECF No. 170-36), given Attorney González-Muñoz's skill and experience, the court finds these hourly rates to be reasonable. *See also Colón-Vázquez v. DOE*, 14-1644 (JAF), ECF Nos. 134 and 153.

Plaintiff requests fees for the work done by Attorney Manuel Porro-Vizcarra ("Porro-Vizcarra" or "MPV") at the rates of $280 per hour during trial and settlement and $250 per hour for all other work.[1] Upon review of the accompanying declaration (ECF No. 170-40), the court finds these hourly rates to be reasonable given Attorney Porro-Vizcarra's skill and

---

[1] Plaintiff's motion reflects the hourly rates requested as 29.6 hours at $285.00 and 157.95 hours at $250.00 for Attorney Manuel Porro-Vizcarra. (*See* ECF No. 170 at 12). However, a review of the accompanying billing sheets shows that the hourly rates charged were 33.60 hours (trial and settlement) at $280.00 per hour and 157.95 hours at $250.00 per hour. (ECF No. 170-39 at 18). The court will use the hours and rates supported by the billing sheets submitted by Attorney Manuel Porro-Vizcarra.

experience. Additionally, the court finds that Attorney Myrmarie Laborde-Vega's hourly rate of $150 is a reasonable hourly rate given her experience and level of skill (ECF No. 170-41).

Finally, Plaintiff requests paralegal fees of $40 per hour for twenty-seven hours of work performed by Paralegal Javier Cruz-Aponte. (ECF No. 170 at 13). Plaintiff supported this request with a declaration from Mr. Cruz-Aponte. (ECF No. 170-38). Upon review of Mr. Cruz-Aponte's qualifications, we find that the requested rate of $40 per hour is a reasonable rate for his services.

Plaintiffs have met the burden to show the reasonableness of the hourly rate.

We turn next to the reasonable time expended by Plaintiff's attorneys. Reasonableness "is largely a matter of informed judgment." *Id*. When determining the reasonable amount of hours, we may disallow hours that are "excessive, redundant, or otherwise unnecessary[,]" or time entries that are "insufficiently documented." *Hensley*, 461 U.S. at 433-34. Additionally, we must look at whether the time records have been kept in satisfactory detail "to permit a court to answer questions about excessiveness, redundancy, and the like." *Torres-Rivera*, 524 F.3d at 336. In support of the request, Plaintiff attached the attorneys' invoices based on their contemporaneous time records, detailed sworn declarations from each attorney and the paralegal, and receipts for expenses related to the underlying litigation. (ECF Nos. 179-1 – 179-41).

Defendants generally object to Plaintiff's petition stating, without particularities, that the request is "excessive, generic and unsubstantiated[.]" (ECF No. 179 at 1). Defendants argue that "in many instances, some lawyers billed for the same tasks", lawyers filled for "clerical and messenger related matters", and "several of the entries … are generic, and fail

to specify the specific task that the lawyer … was performing at that time." (ECF No. 179 at 5-6). In conclusion, Defendants request a "considerable reduction" of the attorneys' fees and paralegal fees "in order to account for the lack of specificity in the invoices with regards to various tasks." (ECF No. 179 at 6-7).

"[A] court should not hesitate to discount hours if it sees signs that a prevailing party has overstaffed a case." *Gay Officers Action League v. Puerto Rico*, 247 F.3d 288, 297 (1st Cir. 2001) (*citing Hart v. Bourque*, 798 F.2d 519, 523 (1st Cir. 1986)). On the other hand, "[g]iven the complexity of modern litigation, the deployment of multiple attorneys is sometimes an eminently reasonable tactic. Consequently, the mere fact that more than one lawyer toils on the same general task does not necessarily constitute excessive staffing." *Id.* (*citing Rodriguez–Hernandez v. Miranda–Velez*, 132 F.3d 848, 860 (1st Cir. 1998)). "Effective preparation and presentation of a case often involve the kind of collaboration that only occurs when several attorneys are working on a single issue." *Id*. However, where multiple attorneys are involved, "the level of scrutiny should increase in direct proportion to the number of lawyers employed." *Id*.

It is well settled in the First Circuit that "clerical or secretarial tasks ought not to be billed at lawyers' rates, even if a lawyer performs them." *Lipsett*, 975 F.2d at 940. The time spent by an attorney performing clerical tasks should be compensated at a rate that is commensurate with the nature and complexity of the work. *See id*.

Plaintiff requests attorneys' fees for four attorneys[2] and one paralegal who worked on the matter over the course of two-and-a-half years. The court has painstakingly reviewed each of the included time records and sworn declarations and finds that the following entries,

---

[2] A fifth attorney also worked on the case, but Plaintiff does not request fees for any of his hours.

totaling 29.2 hours, are duplicative, unproductive, vague, excessive, or otherwise unnecessary.

| Date | Hours Deducted | Explanation |
|---|---|---|
| 3/27/2013 | .1 | JRGM and MPV both billed .1 to review defendant's motion for extension of time to file answer (ECF No. 10). |
| 4/4/2013 & 4/5/2013 | .1 | JRGM and MPV both billed .1 to review the order granting defendant's motion for extension of time to file answer (ECF No. 11). |
| 4/9/2013 | .1 | JRGM and MPV both billed .1 to review the notice of appearance by DOJ counsel (ECF No. 14). |
| 4/18/2013 | .2 | JRGM and MPV both billed .2 to review the motion to clarify (ECF No 15). |
| 4/19/2013 | .4 | JRGM billed .8 to review answer to complaint. MPV has two entries for reviewing answers to the complaint, one on 4/19/2013 for .4 hours and one on 4/23/2013 for .5 hours. No further reason is given to distinguish the two entries. |
| 4/23/2013 | .4 | JRGM billed .2 to review the motion to quash service and exhibits (ECF No. 17) and MPV billed .3 to review the same. MPV billed an additional .1 to review the electronic notice of the motion to quash service. |
| 4/30/2013 | .1 | JRGM and MPV both billed .1 to review minutes of proceedings (ECF No. 21). |
| 5/2/2013 | .1 | JRGM and MPV both billed .1 to review the notice of appearance of Angel Ramos Cardona (ECF No. 22). |
| 5/3/2013 | 0 | JNG and MPV both billed 2 hours to meet regarding the production of Rule 26 documents. The court believes it is reasonable for two attorneys to confer regarding the Rule 26 disclosures in this case. |
| 5/3/2013 | .2 | JNG and MPV both billed .2 hours for a telephone conference with Luz González. The billing record does not adequately demonstrate that two attorneys were necessary for this conference. |
| 5/9/2013 & 5/10/2013 | .2 | On 5/10/2013 JNG billed .3 for review and further drafting and filing of opposition to motion for judgment on the pleadings. On 5/9/2013 JRGM billed .2 for reviewing the draft of the opposition to motion for judgment on the pleadings. The court believes the review by JRGM to be reasonable. On 5/10/2013 MPV also billed for reviewing the response in opposition for motion for judgment on the pleadings. It is unclear whether the second review added to the document by the review occurring prior to the filing, or whether this review is merely MPV's review of the motion after its filing. Accordingly, the court deducts .2 from the fee request |

| | | |
|---|---|---|
| | | because the entry is unnecessarily duplicative and, even if not, it is vague in its description. |
| 5/13/2013 | .2 | JRGM and MPV both billed .2 to review the motion to strike plaintiff's opposition (ECF No. 25). |
| 5/16/2013 | .1 | JRGM billed .3 to review the motion for leave to file a reply to plaintiff's opposition to motion for judgment on the pleadings (ECF No. 26) and MPV billed .1 to review the same. ECF No. 26 is a 7 page document. We believe that .3 is a reasonable amount billed for its review. |
| 5/22/2013 | .2 | On 5/22/2013 JRGM billed 1.4 to draft and file the opposition to motion to strike (ECF No. 27). MPV likewise billed 1 to review and analyze the motion to strike and prepare an opposition. MPV then also billed another .2 for again reviewing the opposition to motion to strike. . It is unclear whether the second review added to the document by the review occurring prior to the filing, or whether this review is merely MPV's review of the motion after its filing. Accordingly, the court deducts .2 from the fee request because the entry is unnecessarily duplicative and, even if not, it is vague in its description. |
| 5/28/2013 & 5/29/2013 | .1 | On 5/28/2013 JRGM billed .2 for reviewing the order resolving ECF Nos. 15, 17, and 24 (ECF No. 28). On 5/29/2013, MPV also billed .1 for reviewing same. |
| 6/3/2013 | .1 | Both JRGM and MPV billed .1 for reviewing the summons for Carlos Mendez Martinez |
| 8/9/2013 | .1 | Both JRGM and MPV billed .1 for review of the motion to withdraw as attorney of record (ECF No. 31). |
| 8/12/2013 | 0 | JRGM billed 6.2 hours for a round trip to Aguadilla to take the deposition of Nanette Guevara. JNG also logged 3.1 hours for attending the deposition of Nannett Guevara, but Plaintiff does not seek the fees for these 3.1 hours. |
| 8/13/2013 | .1 | Both JRGM and MPV billed .1 for review of the notice of appearance by Attorney Jorge M. Marquez San Martin. |
| 8/19/2013 & 8/21/2013 | .1 | On 8/19/2013 MPV billed .1 for review of the request for production of documents. On 8/21/2013 JRGM billed .3 for review of same. |
| 9/18/2013 | 7.1 | JRGM billed 7.1 for a round trip travel to Aguadilla to appear a Luz M. Gonzalez's deposition. ML billed 10 for travel to Aguadilla and attendance at the depositions of Luz M. Gonzalez and Alfonso Molina. It is unclear to the court why two attorneys were required to defend the deposition of Luz M. Gonzalez. Accordingly, we deduct 7.1 hours as a duplicative fee request. |
| 11/18/2013 | .1 | Both JRGM and MPV billed .1 for review of the minutes (ECF No. 31). |
| 11/27/2013 | .1 | Both JRGM and MPV billed .1 for review of the motion requesting |

| | | |
|---|---|---|
| | | an extension of time to file a dispositive motion (ECF No. 35). |
| 12/2/2013 | .1 | Both JRGM and MPV billed .1 for review of the motion for leave to file Spanish language documents (ECF No. 39). |
| 12/10/2013 – 12/19/2013 | | Motion for Summary Judgment- In total, the attorneys spent roughly 130.6 hours reviewing depositions, drafting the Opposition to the Motion for Summary Judgment and accompanying Statement of Uncontested Facts, and objections to defendants' Statement of Uncontested Facts. Given the length and density of the documents, we find these hours to be reasonable. |
| 12/17/2013 | .1 | Both JRGM and MPV billed .1 for review of the minutes (ECF No. 44). |
| 12/31/2013 | .1 | Both JRGM and MPV billed .1 for review of the informative motion regarding plaintiff's voluntary dismissal (ECF No. 45). |
| 12/31/2013 | .1 | Both JRGM and MPV billed .1 for review of the motion submitting certified translations (ECF No. 46). |
| 1/14/2013 | .3 | JNG billed .9 for reviewing documents regarding the information to be submitted by individuals seeking legal representation from the DOJ, participating in a telephone conference with the DOJ, and drafting a motion submitting translation of Exhibit No. 22 (ECF No. 48). JRGM billed .2 for drafting and filing the motion submitting translation of Exhibit No. 22 (ECF No. 48). ECF No. 48 is a 4 paragraph notice signed and filed by JRGM. Accordingly, we deduct .2 from the .9 billed by JNG since we are unable to determine what amount of the .9 was allocated to "drafting" ECF No. 48. We do not believe it reasonable that two attorneys were required to draft and file the 4 paragraph notice. MPV also billed .1 for reviewing the notice of filing at ECF No. 48. |
| 1/15/2014 | .1 | JRGM billed 1.2 for drafting and filing ECF No. 49. MPV also billed .1 for reviewing the notice of filing the same motion. |
| 1/22/2014 | .1 | JRGM billed 1.6 for reviewing the reply to plaitniff's motion (ECF No. 50), reviewing the file and drafting a motion to strike untimely and unauthorized reply (ECF No. 51). MPV also billed .1 for reviewing the notice of filing the same motion. |
| 1/23/2014 | .1 | JRGM billed .4 for drafting and filing ECF No. 51. MPV also billed .1 for reviewing the notice of filing the same motion. |
| 1/27/2014 | .1 | JRGM billed .4 for reviewing ECF No. 52. MPV also billed .1 for reviewing the notice of filing the same motion. |
| 1/29/2014 | .1 | JRGM billed .3 for reviewing ECF No. 53. MPV also billed .1 for reviewing the notice of filing the same motion. |
| 1/31/2014 | .1 | JRGM billed .1 for reviewing ECF No. 54. MPV also billed .1 for reviewing the notice of filing the same motion. |
| 1/31/2014 | .1 | JRGM billed .1 for reviewing ECF No. 55. MPV also billed .1 for reviewing the notice of filing the same minutes. |

| 2/4/2014 | .1 | JRGM billed .2 for reviewing ECF No. 56. MPV also billed .1 for reviewing the notice of filing the same reply. |
|---|---|---|
| 2/14/2014 | .5 | JNG billed 2.2 for the drafting and filing of the response in opposition to the motion to quash subpoena (ECF No. 57). JRGM billed .7 to review and modify the same response and .6 for drafting and filing the motion for leave to file Spanish language documents (ECF No. 58). MPV then billed .1 to review the notice of the filing at ECF No. 57 and .4 for reviewing the notice of filing the motion for leave to file Spanish language documents. (ECF No. 58). |
| 2/18/2014 | .1 | JNG billed .2 for drafting the motion submitting certified translation of an exhibit (ECF No. 59). MPV billed .1 to review the motion for leave to file the certified translation. |
| 2/26/2014 | .1 | JNG billed .3 for drafting ECF No. 60. MPV billed .1 to review same. |
| 3/17/2014 | .1 | JRGM billed .2 for reviewing the Partial Judgment and Order at ECF No. 62. MPV billed .1 to review same. |
| 4/21/2014 | .7 | JRGM billed 1.4 for drafting and filing the Motion for Adjudication of Pending Motions (ECF No. 64), MPV billed .1 to review same. JRGM billed .8 for final drafting and filing the Motion for Expedited Trial (ECF No. 63), MPV billed .1 to review same. JRGM billed .5 for drafting and filing the Motion for Continuance of Pretrial (ECF No. 65), MPV billed .1 to review same. JRGM billed .1 to review ECF No. 68 continuing the pretrial, MPV also billed .1 to review same. JRGM billed .2 for review of the order at ECF No. 66 and partial judgment at ECF No. 67, MPV billed .2 for review of same. The order is a short two paragraph document, and the judgment is only one sentence. We do not believe that .2 is a reasonable amount of time spent reviewing these two very brief documents. Accordingly, in addition to the duplicative entries, we also deduct .1 from this request. |
| 4/22/2014 | .5 | JRGM billed .1 for reviewing ECF No. 70, MPV billed .1 to review the same. JNG billed .1 to review ECF No. 71, on 4/23/2015 MPV also billed .2 for reviewing ECF No. 71. On 4/23/2015, JNG also billed for reviewing this order, though it is unclear what part of 1.6 corresponds with this review. ECF No. 71 is two sentences taking up less than five lines; we do not believe .2 is a reasonable amount of time billed for review of this entry. Accordingly, in addition to the duplicative entries, we also deduct .1 from this request. JRGM billed 6.8 for reviewing the file, drafting and filing of the Joint Pretrial Order (ECF No. 69), MPV billed .1 to review the notice of filing of ECF No. 69. JNG also billed 2.8 for the continued drafting of the joint pretrial order. It is |

| | | |
|---|---|---|
| | | unclear how the work of both JNG and JRGM on the joint pretrial order differed; however, we feel that given the length and information contained in the joint pretrial order, we do not feel that either of JNG's or JRGM's time spent drafting the pretrial order was excessive, duplicative, or unnecessary. |
| 4/23/2014 | .4 | JRGM billed .1 for reviewing ECF No. 72, MPV billed .1 to review the same. JRGM billed .1 for reviewing ECF No. 73, and included this review in a second entry of 1.7; MPV billed .1 to review the same. JRGM billed .1 for drafting and filing the motion for partial reconsideration (ECF No. 74), MPV billed .1 to review the same. JRGM billed .1 for drafting a motion to modify the pretrial order (ECF No. 72), MPV billed .1 to review the same. |
| 5/15/2014 | .2 | JRGM billed .1 for reviewing the minutes of the proceedings (ECF No. 75), MPV billed .2 on 5/16/2015 to review the same. The minute entry is one sentence long. We believe that .2 for review of this entry is unreasonable. Accordingly, in addition to the duplicative entries, we also deduct .1 from this request. |
| 5/29/2014 | .3 | JNG billed .3 for review of ECF Nos. 77 and 79. Because these order, though short, refer to numerous other documents, we believe that .3 for the review of these two orders. However, we deduct the duplicative entries from MPV who billed for review of these as well. JRGM billed .2 for review of ECF Nos. 76 and 78; however, we deduct the duplicative entry from MPV who billed .1 for review of ECF No. 76 as well. |
| 5/30/2014 | .1 | JRGM billed .1 for reviewing ECF No. 80, MPV billed .1 to review the same. |
| 6/10/2014 | .1 | JRGM billed .1 for reviewing ECF No. 81, MPV billed .1 to review the same. |
| 6/16/2014 & 6/18/2015 | .4 | JRGM billed .1 for reviewing ECF No. 82, MPV billed .1 to review the same. JRGM billed .1 for reviewing ECF No. 83, MPV billed .1 to review the same. JRGM billed .1 for reviewing ECF No. 84, MPV billed .1 to review the same. MPV also billed .2 for reviewing "the motion to continue and order." A review of these entries leads the court to believe that this is a duplication of the single entries for review of the same documents. Accordingly, we deduct an additional .2. |
| 6/24/2014 | .1 | JRGM billed .1 for reviewing ECF No. 85, MPV billed .1 to review the same. |
| 2/20/2015 | .5 | JRGM billed 1.1 for drafting and filing the motion for reassignment and a letter to the Chief Judge (ECF No. 86), MPV billed .2 to review ECF No. 86. JRGM billed .2 for reviewing the opposition to the motion for reassignment and order (ECF No. 87 and 88) and .1 for review of "order". The second entry appears to be duplicative to the first entry of .2. We believe that a reasonable |

|              |     |                                                                                                                                                                                                                                                                                                                                                                                                   |
|--------------|-----|-----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|              |     | amount to bill for review of ECF Nos 87 and 88 is .2. MPV also billed .2 to review ECF Nos. 87 and 88.                                                                                                                                                                                                                                                                                              |
| 2/23/2015    | .3  | JRGM billed .8 for drafting ECF 91 and for reviewing ECF Nos. 89, 90, and 91. MPV billed .3 to review the same.                                                                                                                                                                                                                                                                                     |
| 2/25/2015    | .1  | JRGM billed .1 for reviewing ECF No. 93, MPV billed .1 to review the same.                                                                                                                                                                                                                                                                                                                          |
| 3/2/2015 & 3/3/2015 | .1 | JRGM billed 4.7 for reviewing ECF No. 96, drafting subpoenas, drafting ECF Nos. 97 and 98. MPV also billed .4 to review the same.                                                                                                                                                                                                                                                     |
| 3/4/2015     | 8   | JCA billed 8 for a round trip travel to Aguadilla to deliver subpoenas to process servers. We believe this to be an unnecessary task for a paralegal as this could have, and should have, been accomplished using a means such as inter-island messenger.                                                                                                                                           |
| 3/6/2015     | .4  | JNG billed .4 for review and filing the subpoenas returned executed (ECF No. 99). MPV also billed .1 for reviewing the notices of subpoenas returned executed. JRGM billed .2 for reviewing ECF Nos. 107, 108, and 109; MPV billed .3 to review the same. We believe .2 is a reasonable amount to bill for reviewing these three orders.                                                           |
| 3/12/2015    | .2  | JNG billed .4 for reviewing and filing ECF No. 110, MPV billed .1 to review the notice of same. MPV also billed .1 to review the "copy pdf restricted subpoena returned executed". Though we have tried to determine whether this entry is duplicative, there is simply not enough information for us make the determination. Accordingly we deduct this entry as well.                             |
| 3/13/2015    | .3  | JRGM billed .2 for reviewing ECF No. 111, MPV billed .2 to review the same. JRGM billed .1 for reviewing ECF No. 112, MPV billed .1 to review the same. JRGM billed .8 for reviewing defendant's proposed jury instructions (ECF No. 113), MPV billed .5 to review the same. We do not feel that two attorneys reviewing the proposed jury instructions was unreasonable. No time will be deducted from either entry for review of ECF No. 113. |
| 3/13/2015 – 3/20/2015 |  | Trial preparation and attendance. We do not believe that any of the time entries for the preparation for and attendance at trial is unreasonable. Accordingly, no time will be deducted regarding these entries.                                                                                                                                                                        |
| 3/26/2015    | .1  | JRGM billed .1 for reviewing ECF No. 139, MPV billed .1 to review the same.                                                                                                                                                                                                                                                                                                                         |
| 3/27/2015    | .1  | JRGM billed .7 for drafting and filing motion requesting entry of judgment (ECF No. 140); MPV billed .1 to review the same.                                                                                                                                                                                                                                                                         |
| 4/7/2015     | .2  | JRGM billed .1 for reviewing ECF No. 141, MPV billed .1 to review the same. JRGM billed .6 for drafting and filing motion for reconsideration (ECF No. 142); MPV billed .1 to review the same.                                                                                                                                                                                                      |

| | | |
|---|---|---|
| 4/13/2015 | .8 | JRGM billed .8 for reviewing Motion for Judgment Notwithstanding the Verdict (ECF No. 148), MPV billed .5 to review the same. MPV also billed .4 for reviewing the notices of the transcripts filed for 3/16, 3/17, and 3/18, and the notice of filing judgment as a matter of law. We find the .4 billed for reviewing the notice of filings of these four docket entries to be unreasonable and deduct .3. |
| 4/16/2015 | .3 | JRGM billed .6 for drafting and filing motion to strike Rule 50 (ECF No. 151); MPV billed .1 to review the notice of same. JRGM billed .1 for reviewing Order and Judgment (ECF Nos. 149 and 150); MPV billed .2 to review the same. We believe that .1 is a reasonable amount of time to review the docket entries at ECF Nos. 149 and 150. |
| 4/19/2015 | .2 | MPV billed .2 for reviewing the notices of the transcripts filed for 3/19 and 3/20. We deduct .1 finding that .2 is unreasonable amount of time to review two notices of filings. |
| 4/21/2015 & 4/23/2015 | .5 | JNG billed .5 for a telephone conference with Luz González; JRGM also billed .4 for a telephone conference with Luz González and MPV. It is unclear whether these telephone conferences were present the same phone call. Because of the insufficient description, we deduct the lesser .4 hours billed. MPV billed .1 for viewing the notice of filing motion for judgment as a matter of law (ECF No. 152); on 4/23/2015 JRGM billed 6.4 for reviewing the trial transcript and reviewing ECF No. 152. Accordingly, we deduct another .1 for the duplicative billing. |
| 5/6/2015 | .2 | MPV billed .2 hours for viewing the notice of filing opposition to Rule 50 and the notice of filing request to file a reply. However, these documents were filed on 5/11 and 5/12, respectively. However, these entries are duplicative of JRGM's entry on 5/11/2015 ECF No. 154 is filed and JRGM's 5/12/2015 entry of .1 for reviewing same. Accordingly, we deduct .2 from these entries. |
| 5/28/2015 | .1 | JRGM billed .1 for reviewing ECF No. 158; MPV billed .1 to review the same. |
| 5/29/2015 | .1 | MPV billed .1 hours for viewing the notice of filing reply to response to motion. However, this reply was not filed until 6/1/2015. Accordingly, we deduct this time. |
| 6/1/2015 | .1 | JRGM billed .4 for reviewing ECF No. 159; MPV billed .1 to review the same. |
| 7/7/2015 | .2 | JRGM billed two entries of .2 to "review letter from Luz González" without further specificity. If there were two letters to review, these entries are vague and lack enough specificity to determine that 2 entries for reviewing letter from client on the same day was reasonable. |
| 7/16/2015 | .1 | JRGM billed .4 for drafting and filing the Motion in Compliance |

|           |    |                                                                                                                           |
|-----------|----|---------------------------------------------------------------------------------------------------------------------------|
|           |    | ECF No. 161; MPV billed .1 to review the same.                                                                            |
| 7/20/2015 | .1 | JRGM billed .1 for reviewing ECF No. 162; MPV billed .1 to review the same.                                               |
| 7/21/2015 | .1 | JRGM billed .1 for reviewing the Amended Judgment (ECF No. 163); MPV billed .1 to review the same.                        |
| 7/29/2015 | .1 | JRGM billed .1 for reviewing ECF No. 164; MPV billed .1 to review the same.                                               |
| 7/31/2015 | .1 | JRGM billed 1.2 to draft and file Bill of Costs and related documents (ECF No. 165); MPV billed .1 to review the same.    |
| 8/4/2015  | .1 | JRGM billed .1 for reviewing the docket entry regarding the deposit of funds; MPV billed .1 to review the same.           |
| 8/5/2015  | .1 | JRGM billed .1 for reviewing ECF No. 166; MPV billed .1 to review the same.                                               |
| 8/27/2015 | .1 | JRGM billed 2 to draft and file Motion Reiterating Request for Equitable Relief (ECF No. 167); MPV billed .1 to review the same. |

In the majority of the hours deducted by this court, we have eliminated time spent when more than one attorney reviews notices or filings by his co-counsel. While we feel that at times it may be necessary for co-counsel to be aware of every filing in a matter, we do not feel that the client and, in this case, the defendant, should have to bear the burden of paying for more than one attorney to be aware that a filing occurred. Accordingly, we have deducted those hours as duplicative.

In some instances, we deducted time billed that inflated the amount of time spent on a matter. We considered the documents as a whole and determined what we believe to be the reasonable amount of time an attorney should, or would spend in performing the billed-for action.

Other than the entries specifically mentioned above, we believe that the attorneys in this matter reasonably handled this case, dividing tasks when feasible and combining resources when necessary in order to accomplish their goals with efficiency. Teamwork,

especially in cases such as this one, is crucial in order to achieve the desired result. Clearly, these attorneys worked well as a team as they were able to convince a jury to find for their client in the amount of $3,000,000. The court finds no additional deductions in the fee request are necessary. With respect to Defendants' argument that the fee entries are "vague", the court reiterates that it meticulously searched each and every entry made by the attorneys, and that, when the source of the time billed could not be deduced from the billing sheets, surrounding entries, or this court's docket, those entries are reflected in the above table. We find that the remaining entries were sufficiently detailed enough for the court to determine the basis for each entry and make a finding as to each entry's reasonableness.

We did not always state from which of the attorneys' billing request the deduction should come. Plaintiff seeks fees for 94.75 hours for Attorney Myrmarie Laborde-Vega (Laborde) at the rate of $150 per hour. We did not deduct any hours from Attorney Laborde's billing sheets. Accordingly, we find that the 94.75 hours spent by Attorney Laborde are reasonable.

Plaintiff seeks fees for twenty-seven (27) hours for Javier A. Cruz-Aponte at a rate of $40 per hour. We deducted eight (8) hours from the billing sheets of Mr. Cruz-Aponte. We find that nineteen (19) hours is a reasonable amount of time spent on this matter for Javier A. Cruz-Aponte.

Plaintiff seeks fees for 33.60 hours for Attorney Porro-Vizcarra (MPV) at the rate of $280 per hour during trial and settlement. (ECF No. 170-39 at 18). We did not deduct any time spent by Attorney Porro-Vizcarra for his participation in the trial and settlement of this case. We find that 33.6 hours is a reasonable amount of time for Attorney Porro-Vizcarra's participation in the trial and settlement.

Plaintiff seeks fees for 52.9 hours for Attorney Juan Nieves-González (JNG) at the rate of $65 per hour for entries prior to October, 2013, and, subsequently, at the rate of $100 per hour. We did not deduct any time for Attorney Nieves-González's entries prior to October 2013; thus, we find those 12.8 hours reasonably spent. We deduct 1.3 hours from his entries as follows: .2 hours on 5/3/2013; .2 hours on 1/14/2014; .2 hours on 4/22/2014; .3 hours on 5/29/2014; and .4 hours on 4/21/2015. We find the remaining 38.8 hours reasonably worked by Attorney Nieves-González.

Plaintiff seeks fees for Attorney Juan Rafael González-Muñoz (JRGM) for 38.3 hours at the rate of $280 per hour for time spent in court. We did not deduct any of the hours Attorney González-Muñoz billed for the corresponding entries. Thus, we find that 38.3 hours is a reasonable amount of time for Attorney González-Muñoz's time spent in court litigating this matter.

Finally, Plaintiff seeks fees for 357 hours for Attorney González-Muñoz and fees for 157.95 hours for Attorney Manuel Porro-Vizcarra both at the rate of $250 per hour. The remainder of the court's deductions, totaling 19.9 hours, is for duplicative, unproductive, vague, excessive, or otherwise unnecessary entries by Attorney González- Muñoz and Attorney Porro-Vizcarra. Because we have determined that $250 per hour is a reasonable hourly rate for the services provided by both attorneys, we will not decide whose time is deducted, just that it is one or the other's. Accordingly, the court finds that the remaining 495.05 hours between Attorney Porro-Vizcarra and Attorney González-Muñoz are reasonable.

We award Plaintiff's attorneys' fees as follows:

19 hours at $40 per hour = $760.00

1       12.8 hours at $65 per hour = $832.00

2       38.8 hours at $100 per hour = $3,880.00

3       94.75 hours at $150 per hour = $14,212.50

4       495.05 hours at $250 per hour = $123,762.50

5       <u>71.9 hours at $280 per hour = $20,132.00</u>

6       <u>Totaling:</u>         <u>$163,579.00</u>

7      Plaintiff also seeks costs and litigation expenses in the amount of $11,619.69. Plaintiff submitted evidentiary support for her request. (*See* ECF Nos. 165, 170-5 at 17-18, 170-6, and 170-7). Defendants do not object to Plaintiff's request for costs and litigation expenses. We have reviewed the briefing and accompanying exhibits and find that Plaintiff is entitled to recover costs in the amount of $11,619.69.

## **Conclusion**

Having reviewed the briefs and accompanying documentation, for the reasons set forth above, the court GRANTS Plaintiff's request for attorneys' fees as the prevailing party against her employer for violations of the Americans with Disabilities Act. Plaintiff is awarded $163,579.00 in attorneys' fees and $11,619.69 in costs, totaling $175,198.69, plus interest. Defendants are jointly and severally liable to Plaintiff in the amount of $175,198.69, plus any interest accrued.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 22nd day of January, 2016.

                                                            <u>S/José Antonio Fusté</u>
                                                            JOSE ANTONIO FUSTE
                                                            U. S. DISTRICT JUDGE